UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

MICHAEL TAYLOR,
           Plaintiff,
  -against-

SUPREME COURT OF THE STATE OF
NEW YORK,
           Defendant.

------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
13-CV-4621 (KAM)(RLM)

**MATSUMOTO**, United States District Judge:

      On August 13, 2013, *pro se* plaintiff Michael Taylor ("Taylor"), who is incarcerated at South Woods State Prison in Bridgeton, New Jersey, filed what he labels a "petition" seeking a writ of habeas corpus, alleging that the Supreme Court of the State of New York failed to accept (1) applications to proceed *in forma pauperis* pursuant to New York Civil Practice Law and Rules § 1101(f) in 2012, and (2) motions in connection with his state criminal conviction pursuant to New York Criminal Procedure Law § 440.10 in 2006.  Petitioner paid the filing fee to commence this action.  For the reasons set forth below, the petition is dismissed.

**BACKGROUND**

      On August 13, 2013, Taylor filed this habeas petition naming the Supreme Court of the State of New York as respondent.  Petitioner alleges that the Supreme Court of New York failed to

assign index numbers to motions he sought to file, thereby denying him his constitutional right of access to the courts under the Fifth and Fourteenth Amendments.  Specifically, petitioner alleges that on May 23, 2012, the Supreme Court of New York, King's County, returned petitioner's applications to proceed *in forma pauperis* pursuant to New York State Civil Practice Law and Rules Section 1101(f), thus violating its "mandatory duty to file and submit [them] for consideration." (ECF No. 1, Petition dated 8/13/13 ("Pet."), at 1.)  Petitioner seeks a writ of habeas corpus that includes an inquiry into his custody and release from custody. (Pet. at 1.)

Petitioner has been convicted of crimes in New Jersey and New York, including two convictions in this court.  *See United States v. Taylor*, No. 93-CR-671 (CPS) (E.D.N.Y. March 2, 1994); *United States v. Taylor*, No. CR-02-0097 (CPS), 2007 WL 538518 (E.D.N.Y. Feb. 15, 2007).  He has filed at least ten *pro se* civil actions in this court in the last eleven years, all of which have been habeas petitions and many of which have complained of prison conditions such as the unavailability of Aveeno lotion or magazines and newspapers in the facilities in which he was housed.  Several petitions have been dismissed or denied.  *See, e.g.*, *Taylor v. United States,* No. 04-CV-1352 (CPS) (E.D.N.Y. Dec. 17, 2004); *Taylor v. Superintendent of the*

2

*Metropolitan Detention Center (MDC)*, No. 06-CV-2720 (CPS) (E.D.N.Y. June 19, 2006); *Taylor v. United States,* No. 05-CV-1322 (CPS) (E.D.N.Y. Jan. 11, 2007). Most of his petitions have been transferred to New Jersey where he was incarcerated at the time he filed most of his petitions in this Court. *See, e.g.*, *Taylor v. Union Cty. Correctional Facility*, No. 02-CV-811 (ARR); *Taylor v. Duffy*, No. 04-CV-4133-35 (FB); *Taylor v. Merola*, No. 04-CV-4137 (FB); *Taylor v. Holmes*, No. 12-CV-4352 (DLI).

The court also notes that the instant habeas petition is very similar to the habeas petition filed in *Taylor v. Supreme Court of the State of New York*, No. 06-CV-4501 (NGG). That prior petition, filed August 17, 2006, named the same respondent, the Supreme Court of New York; stated one of the same claims, that is, petitioner had been unable to file documents with the Supreme Court of the State of New York in 2006; and sought the same relief, *i.e.*, that there be an inquiry into Petitioner's custody and that he be released from custody.[1] That petition was dismissed by order dated February 14, 2007.

## **DISCUSSION**

Because petitioner is proceeding *pro se*, the court must liberally construe the *pro se* litigant's submissions. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

---

[1] Petitioner has sought the same remedy in many of the habeas petitions he filed in this court. *See, e.g., Taylor v. Merola*, No. 04-CV-4137 (FB); *Taylor v. Duffy*, No. 04-CV-4133 (FB).

3

2006). If a *pro se* litigant pleads facts that would entitle him to relief, that petition should not be dismissed merely because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).

### A. Habeas Petition

Title 28 U.S.C. § 2242 provides that an application for a writ of habeas corpus shall "name . . . the person who has custody over" the petitioner, and § 2243 provides that the writ, or order to show cause, "shall be directed to the person having custody of the person detained." *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The default rule is that the proper respondent is the warden of the facility where the prisoner is being detained . . ."). "A writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and must be sought against the authority that has custody of the petitioner." *Bell v. I.N.S.*, 292 F. Supp. 2d 370, 373 (D. Conn. 2003) (citing *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)). "In order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian." *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976); *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (noting that because the writ is directed to

4

and served upon the custodian, the court issuing the writ must have jurisdiction over the custodian). Where a habeas petitioner fails to name the custodian of his confinement or the court lacks jurisdiction over the proper custodian, the "case must be dismissed for lack of jurisdiction." *Id*. Thus, in *Billiteri*, the Second Circuit dismissed the habeas petitioner's case for lack of jurisdiction where petitioner named the United States Board of Parole, and not the warden of petitioner's penitentiary in Pennsylvania, as the respondent, commenting that "[i]t would have imposed no great hardship on Billiteri to have brought his action against the Warden in the Middle District of Pennsylvania, as he should have done." *Id.*

Here, petitioner has named as Respondent the Supreme Court of the State of New York, which is not petitioner's current custodian. Petitioner's custodian is the warden of the South Woods State Prison in Bridgeton, New Jersey, where he is incarcerated. Petitioner not only fails to name his current custodian as respondent, but this court does not have jurisdiction to issue a writ directed to the proper custodian. *Billiteri*, 541 F.2d at 948. Accordingly, the court is without jurisdiction to grant petitioner the habeas relief he has requested.[2]

---

[2] The court notes that should petitioner choose to re-file his habeas petition, he should do so in the appropriate jurisdiction where he is

5

Moreover, even granting the pleadings a liberal interpretation, the petition does not allege facts that would entitle Taylor to his requested relief. Taylor does not claim that prison officials interfered with his efforts to file pleadings in New York State Court. Neither does the Supreme Court of the State of New York's allegedly improper conduct render petitioner's confinement unconstitutional. Therefore, because this petition does not name the proper respondent, nor does it relate to the fact or duration of Taylor's confinement, habeas corpus relief is inappropriate. The petition is therefore dismissed.

### B. Civil Rights Complaint[3]

Although a district court may construe a habeas petition as a civil rights action under 42 U.S.C. § 1983, see *Moorish Sci. Temple of America, Inc. v. Smith*, 693 F.2d 987, 989 (2d Cir. 1982) (finding error in district court's *sua sponte* dismissal of pro se prisoner's habeas petition without considering possible claims under § 1983), the court declines to do so here. Unlike the petitioner in *Moorish Science Temple*, who alleged sufficient facts to establish two non-frivolous claims under § 1983, 693 F. 2d at 989-90, here, petitioner fails

---

incarcerated.
  [3]  Since there is no decision in this Circuit precluding a petitioner from seeking relief under both a habeas statute and § 1983 in a single pleading, the Court also reviews plaintiff's civil rights claim. *Thompson v. Choinski*, 525 F.3d 205, 209-10 (2d Cir. 2008).

to allege facts showing that he sustained a federal constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *Doe v. Green*, 593 F. Supp. 2d 523, 537–38 (W.D.N.Y. 2009) (noting that to support a claim of denial of access to courts, plaintiff "must allege facts indicating that (1) the defendant 'deliberately and maliciously interfered' with that access, and (2) the interference resulted in injury to the plaintiff.") (quoting *Kampfer v. Vonderheide*, 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002)).

Additionally, it is doubtful whether the prisoner is willing to pay the $400.00 civil action filing fee to pursue his claims. The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted *in forma pauperis* status do not have to pay the filing fee. *See Santana v. United States*, 98 F.3d 752 (3d Cir. 1996) (holding that the filing fee payment requirements of Prison Litigation Reform Act do not apply to *in forma pauperis* habeas corpus petitions and appeals). In contrast to the filing fee for a habeas petition, the filing fee for a complaint, including a complaint pursuant to 42 U.S.C. § 1983, is $400.00. Inmates filing a civil rights complaint who proceed *in forma pauperis* are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. 28 U.S.C. § 1915(b). In addition, if

a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, then the prisoner may not bring another action *in forma pauperis* unless he or she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Thus, this court will not *sua sponte* re-characterize the pleading as a civil complaint. *See Davis v. Fisher*, No. 13-CV-1024, 2013 WL 3974520, at *3 n.1 (D. Minn. Aug. 1, 2013) ("Petitioner cannot be excused from paying the $350.00 filing fee by simply calling his pleading a habeas corpus petition; otherwise any prisoner could submit his non-habeas civil rights claims on a habeas petition and pay only a $5.00 filing fee, and then wait for the court to construe his 'petition' to be a civil complaint. The $350.00 filing fee prescribed by Congress for non-habeas civil actions cannot be so easily circumvented."). If petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number and either paying the filing fee or filing an application to proceed *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, Taylor's petition for a

writ of habeas corpus is denied. Any claims under § 1983 are dismissed without prejudice. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962). The Clerk of Court is respectfully requested to serve a copy of this Order on plaintiff and close this case.

    **SO ORDERED.**

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

Dated: October 7, 2013
      Brooklyn, New York