```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

-----------------------------X

MICHAEL TAYLOR,   **NOT FOR PUBLICATION**
         Plaintiff,
  -against-   **MEMORANDUM AND ORDER**
                                  13-CV-4621 (KAM)(RLM)
SUPREME COURT OF THE STATE OF
NEW YORK,
         Defendant.

-----------------------------X
**MATSUMOTO**, United States District Judge:

      *Pro se* plaintiff Michael Taylor ("Taylor") filed a motion for extension of time to file a notice of appeal in the above-captioned case, and also requests that the court provide him with copies of documents filed in relation to his petition for writ of habeas corpus and in a prior case. For the reasons set forth below, the motion for extension of time is denied and the request for copies of documents is granted.

## BACKGROUND

      On August 13, 2013, Taylor filed a habeas petition naming the Supreme Court of the State of New York as respondent. On October 8, 2013, the court issued a Memorandum and Order denying Taylor's petition for a writ of habeas corpus and dismissing without prejudice any claims brought under 42 U.S.C. § 1983. (ECF No. 4, Mem. & Order dated 10/8/13.) Petitioner now seeks to appeal the court's Memorandum and Order. By a

motion dated November 6, 2013, petitioner requested an extension of time to file an appeal, explaining that he failed to timely file a notice of appeal because he "is not conferred with his constitutional right to have access to the courts that will allow [him] to file a meaningful appeal in this action."  (ECF No. 5, Mot. for Extension dated 11/6/13 and filed 11/12/13.)  In addition, Taylor submitted a letter asking the court to provide him with copies of the docket sheet in the above-caption action, the petition for habeas corpus that he filed, and the docket sheet of another action captioned "Michael Taylor v. Christopher Holmes."  (*Id.* at 2.)

## DISCUSSION

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), an appellant is required to file a notice of appeal with the district clerk within 30 days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1).  The district court, upon motion for extension of time, may allow a party more time to file a notice of appeal if that party shows "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A)(ii).  Here, because the court's Memorandum and Order and the Judgment were entered on October 8, 2013, Taylor was required to file a notice of appeal by November 7, 2013. Taylor's motion for an extension of time to file a notice of

2

appeal was dated November 6, 2013 and filed by the district clerk on November 12, 2013.

Under the "prison mailbox rule," papers filed by an incarcerated *pro se* party are deemed filed as of the date the party gave the papers to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that *pro se* prisoner's notice of appeal was filed at the time he delivered it to prison authorities for mailing to the court clerk). Although the Second Circuit has extended the prison mailbox rule to other filings, including habeas petitions, administrative complaints, and civil complaints, *see Burfeindt v. Postupack*, 509 F. App'x 65, 66-67 (2d Cir. 2013), the Circuit has yet to decide whether the prison mailbox rule applies to motions for extensions of time to file a notice of appeal.

Nevertheless, even assuming, without deciding, that the motion for extension of time is timely under the prison mailbox rule, Taylor has not shown excusable neglect or good cause to justify an extension of time. In his motion, Taylor's only explanation for not filing a notice of appeal within the time required is that he "is not conferred with his constitutional right to have access to the courts." (Mot. for Extension at 1.) This brief and vague assertion does not satisfy the showing required under Federal Rule of Appellate

3

Procedure 4(a)(5)(A), especially considering that the Clerk of Court mailed Taylor an appeals packet with instructions about how to file a notice of appeal, and that Taylor, who filed at least ten prior habeas petitions (see 10/8/13 Mem. and Order at 2-3), does not face the usual disadvantages that *pro se* petitioners face in navigating court procedure for the first time.  Accordingly, the court denies Taylor's motion for extension of time to file a notice of appeal.

In addition, although the court, in its October 8, 2013 Memorandum and Order, certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its order would not be taken in good faith and that *in forma pauperis* status is denied for purpose of an appeal, the court is mindful of the fact that Taylor is incarcerated and may not have ready access to court filings.  The court thus grants Taylor's request for a copy of the docket sheet in this action, a copy of the petition for writ of habeas corpus filed on August 13, 2013, and a copy of the docket sheet in the action captioned *Taylor v. Holmes*, No. 12-cv-4352 (DLI).

## CONCLUSION

For the foregoing reasons, Taylor's motion for extension of time to file a notice of appeal is denied, and his

request for copies of court documents is granted. The court repeats that it has certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its October 8, 2013 Memorandum and Order would not be taken in good faith and that *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve the following on plaintiff and note service on the docket by November 20, 2013: (1) a copy of this Order, (2) the docket sheet in this action, (3) the petition for writ of habeas corpus filed on August 13, 2013, and (4) the docket sheet in *Taylor v. Holmes*, No. 12-cv-4352 (DLI).

    **SO ORDERED.**

                                                        _____/s/_____
                                                   **KIYO A. MATSUMOTO**
                                                   United States District Judge
                                                   Eastern District of New York

Dated: November 18, 2013
       Brooklyn, New York